IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JONATHAN SMITH                                                                                           PLAINTIFF
#164928

v.                            No: 4:20-cv-00642 LPR-PSH

BILL GILKY                                                                                               DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Jonathan Smith filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on May 26, 2020 (Doc. No. 1).[1] Smith was granted *in forma pauperis* status,

---

[1] In its initial order to Smith, the Court notified him of his duty to promptly notify the Clerk and the parties of any change in his address. The Court also notified Smith that if any communication from the Court to him is not responded to within 30 days, his case may be dismissed without prejudice. Doc. No. 2.

and his amended complaint (Doc. No. 7) was served on defendant Bill Gilky (Doc. No. 7 & 15). On August 6, 2020, mail sent to Smith at his address of record was returned as undeliverable, and the envelope was entered on the docket. Doc. No. 9. The same day, the Court entered a text order notifying Smith that the mail could not be delivered to him because he was no longer at the address he provided. Doc. No. 10. Smith was directed to provide notice of his current mailing address by no later than thirty days from the entry of the August 6, 2020 text order. He was warned that his failure to provide a current mailing address would cause the undersigned to recommend his complaint be dismissed. A printed version of the text order was sent to him at his last known address. The envelope containing the Court's August 6 order could not be delivered to Smith, and the envelope was returned to the Clerk of the Court and entered on the docket. Doc. No. 12. Defendant Gilky filed a motion to dismiss Smith's complaint on September 8, 2020, based on Smith's failure to update his address (Doc. No. 14).

More than 30 days have passed, and Smith has not complied or otherwise responded to the August 6, 2020 order. Smith failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2). Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district

courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

IT IS THEREFORE RECOMMENDED THAT Gilky's motion to dismiss (Doc. No. 14) be granted and that Smith's complaints (Doc. Nos. 1, 5 & 7) be DISMISSED WITHOUT PREJUDICE.

DATED this 23rd day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE